IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STACY GLOVER WILLIE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| PACIFICA HARBORVIEW-KESSLER, LLC d/b/a THE MERIDIAN AT KESSLER PARK, | § § § § | CIVIL ACTION NO. _____ JURY TRIAL DEMANDED |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Plaintiff Stacy Glover Willie (hereafter referred to as "Plaintiff" or "Willie"), by counsel and brings this action for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.,* for retaliation complaining of Defendant Pacifica Harborview-Kessler, LLC d/b/a The Meridian at Kessler Park (hereafter referred to as "Defendant" or "Meridian") and respectfully shows the Court as follows:

**I.**

**PARTIES**

1.01.   Stacy Glover Willie is an individual who is a citizen and resident of the State of Texas, who may be contacted through her undersigned counsel of record.

1.02.   Defendant 's principal place of business is located at 2522 Fort Worth Avenue, Dallas, Texas 75211. It can be served with process through the Texas Secretary of State. Defendant can be served through its registered agent, Paracorp Incorporated, 14001 W Hwy 29, Suite 102, Liberty Hill, Texas 78642.

Willie

## II.

## JURISDICTION AND VENUE

2.01.   Jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

2.02.   Venue for all causes of action stated herein lies in the Northern District of Texas because the Defendant resides in this District and because a substantial part of the events alleged in this Complaint took place within this District.  *See* 28 U.S.C. § 1391(b).  Plaintiff's EEOC charge was timely filed.  Plaintiff received her Notice of Right to Sue and has timely filed this lawsuit.

## III.

## FACTUAL ALLEGATIONS

3.01.   On June 2, 2014, Plaintiff began working for Pacifica Harborview-Kessler, LLC d/b/a The Meridian at Kessler Park ("Meridian") located in Dallas, Texas. Plaintiff was the Sales Director for Meridian and turned in an excellent performance. Plaintiff was never written up.

3.02.   Plaintiff's sister, Ashley Randle, was also employed at Meridian. Ms. Randle was discriminated against at work, was retaliated against and was fired on March 26, 2019. Ms. Randle filed a charge of discrimination with the EEOC on August 19, 2019.

3.03.   On or about February 2019, Meridian Executive Director Terry Rawlinson ("Ms. Rawlinson") directly asked Plaintiff if she and Ms. Randle were sisters, to which Plaintiff responded "yes". Subsequently, Vice President of Sales and Marketing Lucy Woosley ("Ms. Woosley") approached Plaintiff and asked her to confirm that the two were sisters, which Plaintiff did. Accordingly, Meridian was aware of Ms. Randle and Plaintiff's familial relationship.

3.04.   In August 2019, Regional Director Leslie returned to Meridian after leaving three years earlier. Leslie immediately approached Plaintiff and asked "so what happened with Ashley?" Plaintiff explained that Ashley Randle used to pass out frequently at work as a result of her high risk pregnancy.

3.05.   In September 2019, Leslie hired a new Executive Director, Bill Redman ("Mr. Redman"). During a department-wide team meeting on September 24, 2019, Mr. Redman asked all employees if they knew Ashley Randle. Three people raised their hands, including Plaintiff. Mr. Redman proceeded to say that Ms. Randle was suing the company and as a result the company's attorney would like to speak with people who knew her.

3.06.   On October 4, 2019, during another department-wide team meeting, Plaintiff and other employees were told that an investigation had been launched into Ms. Randle's work performance and that statements were being taken from employees.

3.07.   On October 8, 2019, Mr. Redman and Leslie informed Plaintiff that she was being terminated for her failure to turn in referrals and process resident transfers in a timely manner. However, Plaintiff was not in charge of referrals or processing transfers or referrals. Referrals are given directly to the business office to be processed for payment and handling transfers was the responsibility of the Executive Director.

3.08.   Notably, Plaintiff was terminated before she was permitted to give a statement to Meridian about Ms. Randle's work history and allegations in her lawsuit. Plaintiff was terminated to penalize her for or to prevent her from opposing a discriminatory employment practice, from participating in an employment discrimination investigation, to stop her from giving testimony regarding Ms. Randle's EEOC claim and participating in the investigatory process.

## IV.

## FIRST COUNT

## **RETALIATION**

4.01. The foregoing paragraphs of this Complaint are incorporated in this Count as fully as if set forth at length herein.

4.02. Plaintiff was an employee within the meaning of Title VII. 42 U.S.C. §2000e(f).

4.03. Defendant is an employer within the meaning of Title VII. 42 U.S.C. §2000e(b). In particular, Defendant employs more than fifteen (15) employees within the current calendar year.

4.04. Defendant retaliated against Plaintiff by firing her to penalize her for or to prevent her from opposing a discriminatory employment practice, from participating in an employment discrimination investigation, to stop her from giving testimony regarding Ms. Randle's EEOC claim and participating in the investigatory process. 42 U.S.C. §2000e.

4.05. Plaintiff was terminated without good reason. Furthermore, Defendant was aware that Plaintiff was Ms. Randle's sister and would support her discrimination and retaliation allegations in any investigation.

4.06. All conditions precedent to filing this action for discrimination under federal law have been met. Plaintiff timely filed her charge of retaliation with the EEOC and has received her Notice of Right to Sue within 90 days of filing this original action. (*See* Exhibit A).

4.07. Defendant violated Title VII by retaliating against Plaintiff by discharging Plaintiff to penalize her because her sister made a claim under Title VII and the Americans with Disabilities Act, to prevent her from opposing a discriminatory employment practice, to prevent her from participating in an employment discrimination investigation, to stop her from giving testimony regarding Ms. Randle's EEOC claim and participating in the investigatory process.

4.08. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered significant financial loss, including the loss of her job and the loss of wages, salary and employment benefits.

4.09. Such retaliation by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally-protected rights. Plaintiff is therefore entitled to recover punitive damages.

4.10. Plaintiff is entitled to an award of attorneys' fees and costs under Title VII as well as reimbursement of expert witness fees.

**V.**

**JURY DEMAND**

5.01. PLAINTIFF DEMANDS A TRIAL BY JURY.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendant:

1. Judgment for back pay and front pay and all past and future lost fringe benefits;

2. Judgment for actual damages in the amount of past and future lost earnings and benefits, and damages to past and future earnings capacity;

3. Compensatory damages for the humiliation, damage to reputation, mental and emotional distress, and pain and suffering Plaintiff has experienced and endured as a result of the discriminatory actions of Defendant;

4. The costs and expenses incurred by Plaintiff in seeking new employment;

5. Damages for past and future mental anguish and emotional distress and damages to reputation;

6. Liquidated damages to the fullest extent allowed by law;

7. Economic and reliance damages,

8. Prejudgment and postjudgment interest at the maximum legal rate;

9. Attorneys' fees;

10. Expert's fees;

11. All costs of court; and

12. Such other and further relief to which Plaintiff may be justly entitled.

Dated: this 9th day of July, 2021.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: /s/ Theodore C. Anderson
Theodore C. Anderson
State Bar No. 01215700
tca@kilgorelaw.com
D. Elizabeth Masterson
State Bar No. 00791200
dem@kilgorelaw.com
3109 Carlisle
Dallas, Texas 75204
(214) 969-9099- Telephone
(214) 953-0133 – Facsimile
**ATTORNEYS FOR PLAINTIFF**